11 GUIDRY, Chief Judge,
dissenting.
I fully agree with my brethren of the majority that the settlement by Cabrini for the statutory maximum of $100,000 constitutes an admission of liability for both the hip fracture and the perforated colon. However, *678 I disagree with the conclusion of my colleagues that the reversal of Mrs. Jones’ colostomy and her subsequent death are causally unrelated to Cabrinf s admitted malpractice.
Although Mrs. Jones’ decision to undergo surgery to reverse her colestomy, contrary to her treating physician’s counsel, proved to be unwise, nonetheless, it can hardly be said that this procedure was not a treatment required to resolve the original harai for which Cabrini is admittedly liable. Although the record does reflect that bleeding from the ileum may have contributed to Mrs. Jones death, this circumstance does not warrant a conclusion that she died as a result of conditions totally unrelated to the original harm. To the contrary, the record reflects that this condition could not be surgically controlled because of Mrs. Jones’ physical condition after undergoing two surgeries. Additionally, as recognized by the majority, Dr. Edgerton “gave it as his opinion that she would not have died had she not had the reversal surgery”.
bin my view, plaintiffs are entitled to recovery of reasonable general and special damages in both the wrongful death action and the survival action. For these reasons, I respectfully dissent.